IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHAWN LEE ALLRED,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-CV-245-CW<br>(*Related to*: #2:03-CR-1011-DB)<br><br>Judge Clark Waddoups |

On December 3, 2009, the court issued a Memorandum Decision and Order denying Shawn Lee Allred's ("Allred") Motion to Vacate, Set Aside, or Correct Sentence, except on a narrow issue pertaining to the requirement to take all prescribed mental health medication.[1] Allred's case was then closed. On April 5, 2010, Allred filed a Motion for Leave to File Amended Complaint pursuant to Rules 15(a) and 19(a) of the *Federal Rules of Civil Procedure*. An amended complaint cannot be filed in a closed case, nor can parties be joined in a closed case. The court therefore denies Allred's motion to amend.

On May 3, 2010, Allred filed an Application for Certificate of Appealability. Section 28 U.S.C. § 2253 specifies that unless a certificate of appealability issues, one cannot appeal "the final order in a proceeding under section 2255."[2] Allred, however, was required to file his appeal within

---

[1] *See* Memorandum Decision and Order (Dec. 3, 2009) (Docket No. 22).

[2] 28 U.S.C. § 2253(c)(1)(B).

thirty days after this court rendered its decision.[3] As stated earlier, the court rendered its final decision on December 3, 2009. Allred had until January 4, 2010 to file his request for appeal.[4]

Because Allred is an inmate, a notice of appeal is deemed "timely if it is deposited in the institution's internal mail system on or before the last day for filing."[5] Allred has not provided the court with any information regarding when he deposited his application in the internal mail system. The application is postmarked, however, April 2010. The specific day of the month is not clear, but it appears to be Wednesday, the 28th. Even if the specific date were earlier in April, the application was filed well outside the thirty-day time limit.

The time for filing an appeal may be extended under certain circumstances, but none of them apply in this case. Allred did not timely file any motions under Rule 4(a)(4) of the *Federal Rules of Appellate Procedure*, nor did he request an extension of time under Rule(a)(5). Additionally, the criteria for reopening the time to file an appeal under Rule 4(a)(6) has not been met. To reopen the time for filing an appeal, Allred bears the burden of proving the elements under Rule 4(a)(6).[6] One element requires proof that Allred did not receive notice of the court's decision within twenty-one days after its entry.[7]

---

[3] *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

[4] Thirty days actually elapsed on Saturday, January 2, 2010, but the time was extended until Monday, January 4, 2010, pursuant to Rule 26(a)(3) of the *Federal Rules of Appellate Procedure*.

[5] Fed. R. App. P. 4(c).

[6] *Portley-El v. Milyard*, No. 09-1327, 2010 U.S. App. LEXIS 2262, at *10 (10th Cir. Feb. 3, 2010) (citations omitted).

[7] Fed. R. App. P. 4(a)(6)(A).

In his application, Allred asserts that "Manuscripts, Reports, and other paper work involved in the related Cases have been kept from Mr. Allred in each process along the so called legal trail."[8] The context of this allegation is that his counsel was ineffective, not that he failed to receive the court's decision timely. Moreover, the court has received no return mail or other indication to show that Allred did not receive the court's decision timely.

The court does not have authority to waive the requirement of Rule 4(a)(6) for equitable reasons.[9] The purpose of the rule is to foster "finality of judgment."[10] This is so even when its application "may work misfortune."[11] Thus, while Allred may feel his right to an appeal has been denied, the court cannot reopen the time to file an appeal, and therefore denies the application.

## CONCLUSION

For the reasons stated above, the court DENIES Allred's Motion for Leave to File Amended Complaint.[12] The court also DENIES Allred's Motion for Certificate of Appealability[13] on the grounds that it was untimely and the court lacks authority to reopen the time to file an appeal.

---

[8] Application for Certificate of Appealability, 6 (Docket No. 24).

[9] *Portley-El*, 2010 U.S. App. LEXIS 2262, at *11 (quotations and citation omitted).

[10] *Id.* (quotations and citation omitted).

[11] *Id.* at *12.

[12] Docket No. 23.

[13] Docket No. 24.

DATED this 13th day of May, 2010.

                          BY THE COURT:

                          _____
                          Clark Waddoups
                          United States District Judge