# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SHAWN LEE ALLRED,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondant. | MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION MOTION FOR CHANGE OF VENUE<br><br>Case No. 2:08-cv-245-CW<br><br>**District Judge Clark Waddoups** |

Before the court is Shawn Lee Allred's ("Allred") Motion to Reconsider and Motion for Change of Venue. The procedural history that leads to this current motion is substantial. On February 7, 2006 Allred was sentenced to 188 months in prison.[1] Allred then sought habeas relief,[2] which the court denied on December 3, 2009 after a full examination of the case.[3] Allred then filed an Application for Certificate of Appealability on May 3, 2010,[4] which the court denied as untimely.[5] Again, full examination of the case and the law that governed it was awarded to Allred's claim. Allred then filed the motion at hand, asking the court to reevaluate its

---

[1] Mem. Decision and Order, 2 (Dec. 3, 2009) (Docket No. 22).

[2] Petitioner's Mot. to Vacate, Set Aside, or Correct Sentence (Mar. 28, 2008) (Docket No. 1).

[3] *See generally* Mem. Decision and Order (Dec. 3, 2009) (Docket No. 22).

[4] Docket No. 24.

[5] Mem. Decision and Order, 2–3 (May 13, 2010) (Docket No. 25).

-1-

denial of appealability and to change venue to another district for review.[6]

To warrant a motion to reconsider, a plaintiff must show: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[7] Allred shows none of these facts in his motion; he only contends that he did not receive notice of the December 2009 judgment in a timely manner. However, this argument is practically identical to the argument that Allred made in his initial application for appealability.[8] Allred only adds that he was in the prison's Special Housing Unit for a period from March 4, 2010 until March 24, 2010,[9] but this information does not show that Allred had in fact filed his petition for appealability on time.

Because this case was closed on December 3, 2009[10] and because the court has no grounds to reopen this case, Allred's motion to change venue is moot. Because there will be no further hearings on the matter, the court need not be concerned with where impossible hearings should be held.

Finally, Allred requests that the court provide him with a "1983/Bivens action package."[11] If a new claim has arisen subsequent to Allred's sentencing and imprisonment that leads him to believe that he has suffered some form of wrong or injustice, then the proper route for him to

---

[6] Petitioner's Mot. for Recons. (June 7, 2010) (Docket No. 26).

[7] *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[8] Petitioner's Appl. Certificate of Appealability (May 3, 2010) (Docket No. 24).

[9] Petitioner's Mot. for Recons. (June 7, 2010) (Docket No. 26).

[10] Mem. Decision and Order, p. 21 (Dec. 3, 2009) (Docket No. 22).

[11] Petitioner's Mot. for Recons. (June 7, 2010) (Docket No. 26).

take is to file a new complaint alleging the instance. This should be done as a separate action unrelated to this case, as this case has been closed. Allred may find information about filing a civil rights complaint on the following website:

http://www.utd.uscourts.gov/documents/formpage.html. That website contains a "Civil Rights Complaint Guide."

## **CONCLUSION**

For the reasons above, the court DENIES Allred's Motion for Reconsideration.[12] The court also DENIES Allred's Motion for Change of Venue[13] on the grounds that the court no longer has jurisdiction of Allred's claims.

DATED this 12th day of November, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[12] Docket No. 26.

[13] *Id.*